NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

JOSE C. B.-P.,

                Petitioner,

        v.

RONALD P. EDWARDS,

                Respondent.

Civil Action No. 19-18617 (JMV)

**MEMORANDUM OPINION**

---

**VAZQUEZ, District Judge:**

It appearing that:

1.  Petitioner Jose C. B.-P., ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Center in Kearny, New Jersey.  On October 2, 2019, while he was detained at Hudson County Correctional Facility, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal.   (D.E. No. 1, Petition ("Pet")).

2.  Petitioner is a native and citizen of El Salvador who entered the United States at an unknown date.  (D.E. No. 5, Respondent's Answer ("Answer") at 5).

3.  On September 19, 2011, ICE took Petitioner into custody and served him with a Notice to Appear in removal proceedings, which charged that he is removable from the United States pursuant to Section 212 (a)(6)(A)(i) of the Immigration and Nationality Act, on the basis of being an alien present in the United States without being admitted or paroled, or who arrived in the

United States at any time or place other than as designated by the Attorney General. (D.E. No. 5-1, Notice to Appear at 1).

4. Shortly thereafter, Petitioner filed an application for cancellation of removal for nonpermanent residents, which the Immigration Judge ("IJ") indicated he would be inclined to grant but reserved decision. (D.E. Nos. 5-3 at 3, 6-6 at 3-4).

5. Petitioner, who was at liberty while his application for cancellation of removal was pending, was subsequently arrested and charged in Nassau County, New York with criminal possession of a controlled substance in the fifth degree (cocaine) and resisting arrest. (D.E. No. 5-2 at 2). Petitioner pled guilty to both offenses on January 31, 2018. (*Id.*)

6. On or about March, 1, 2018, Petitioner was taken back into ICE custody. (D.E. No. 5-4, Answer, DHS Form I-830).

7. Petitioner's immigration matter before an IJ was adjourned several times between June 4, 2018, and July 15, 2019, to allow Petitioner time to prepare.[1] (D.E. No. 5-5, Answer, DHS Declaration 3-4).

8. On July 15, 2019, Petitioner, appearing with new counsel, filed an application for relief from removal. (*Id.* at 4).

9. On August 15, 2019, Petitioner appeared before an IJ for an individual calendar hearing and a bond hearing. (*Id.*) Petitioner's bond request was denied and his individual calendar hearing was adjourned to allow him additional time to prepare. (*Id.*)

---

[1] The Court granted approximately ten adjournments to allow Petitioner time to prepare. (D.E. No. 5-5 at 3-4). The case was continued several times while his criminal appeal was pending. (D.E. No. 5-3 at 3).

10. On September 27, 2019, the IJ issued a written decision denying his application for relief from removal and ordered him removed. (*Id.*) Petitioner appealed the decision to the Board of Immigration Appeals ("BIA") on October 8, 2019. (*Id.*) The appeal is currently pending. (*Id.*)

11. On October 2, 2019, Petitioner filed the instant Petition for a Writ of Habeas Corpus in this Court. (D.E. No. 1, Petition). He argues that his prolonged detention violates the Fifth Amendment. (*Id.* at 16-17). Petitioner requests that this Court, *inter alia*, release him, provide a bond hearing, and award him costs and reasonable attorneys' fees as provided by the Equal Access to Justice Act. (*Id.* at 17-18).

12. Respondent acknowledges that Petitioner has been in immigration custody since March of 2018, but argues that because he is detained pursuant to 8 U.S.C. § 1226(c), he is subject to lawful mandatory detention. (D.E. No. 5, Answer, at 9-8). Respondent further submits that Petitioner's detention has not been so prolonged that it violates his due process rights. (*Id.* at 10-14).

13. Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

14. The Court has subject matter jurisdiction over this Petitioner under § 2241, because Petitioner was detained within its jurisdiction by a custodian within its jurisdiction, at the time he filed his petition. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-95, 500 (1973).

15. In 2018, the United States Supreme Court in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018),

held that the Ninth Circuit Court of Appeals erred by interpreting an implicit six-month limitation

on detention pursuant to § 1226(c) absent a bail hearing. *Jennings* essentially abrogated the Third

Circuit Court of Appeals' decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir.

2011); and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), which

read implicit time limitations into statutes such as § 1226(c). The *Jennings* Court explained,

> [Section] 1226 applies to aliens already present in the United States. Section 1226(a) creates a default rule for those aliens by permitting- but not requiring- the Attorney General to issue warrants for their arrest and detention pending removal proceedings. Section 1226(a) also permits the Attorney General to release those aliens on bond, "[e]xcept as provided in [§ 1226 (c)]." Section 1226(c) states that the Attorney General "shall take into custody any alien" who falls into one of the enumerated categories involving criminal offenses and terrorist activities. 8 U.S.C. § 1226(C)(1). Section 1226(c) then goes on to specify that the Attorney General "may release" one of those aliens "only if the Attorney General decides" both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk. § 1226(c)(2) (emphasis added).

> [Section] 1226(c) does not on its face limit the length of the detention it authorizes. In fact, by allowing aliens to be released "only if" the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those recognized by the statute. And together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope must continue "pending a decision on whether the alien is to be removed from the United States." § 1226(a).

> . . . the Court of Appeals held [] that § 1226(c) should be interpreted to include an implicit . . . time limit on the length of mandatory detention . . . [T]hat interpretation falls far short of a plausible statutory construction.

> In defense of th[is] statutory reading, respondents first argue that § 1226(c)'s "silence" as to the length of detention "cannot be construed to authorize prolonged mandatory detention, because

Congress must use 'clearer terms' to authorize 'long-term detention.'" . . . But § 1226(c) is not "silent" as to the length of detention. It mandates detention "pending a decision on whether the alien is to the removed from the United States," § 1226(a), and it expressly prohibits release from detention except for narrow, witness-protection purposes. Even if courts were permitted to fashion . . . time limits out of statutory silence, they certainly may not transmute existing statutory language into its polar opposite. The constitutional-avoidance canon does not countenance such textual alchemy.

Indeed, we have held as much in connection with § 1226(c) itself. In *Demore v. Kim*, 537 U.S. [at 529,] we distinguished § 1226(c) from the statutory provision in *Zadvydas* by pointing out that detention under § 1226(c) has "a definite termination point": the conclusion of removal proceedings. As we made clear there, that "definite determination point" – and not some arbitrary time limit devised by the courts - marks the end of the Government's detention authority under § 1226(c).

Respondents next contend that § 1226(c)'s limited authorization for release for witness-protection purposes does not imply that other forms of release are forbidden, but this argument defies the statutory text. By expressly stating that the covered aliens may be released "only if" certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative prohibition on releasing detained aliens under any other conditions.

. . . .

We hold that § 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings "only if" the alien is released for witness-protection purposes.

*Jennings*, 138 S. Ct. at 846-47.

16. Petitioner's current period of immigration detention has lasted approximately twenty-five months. The record reflects that Petitioner was granted several adjournments, spanning over the course of more than a year, primarily to determine the outcome of Petitioner's criminal appeal. *See Dryden v. Green*, 321 F. Supp. 3d 496, 502-503 (D.N.J. 2018) (post-*Jennings* opinion denying

bond hearing citing to Petitioner's "self-inflicted delays, and the lack of any bad faith or unreasonable action on the part of the Government.") In the absence of any indication of delay tactics on the part of the Petitioner, it appears that his ongoing detention has become so unreasonably long as to amount to a denial of due process. *See Thomas C.A. v. Green*, No. 18-1004, 2018 WL 4110941 (D.N.J. Aug. 29, 2018) (post-*Jennings* opinion granting a bond hearing to § 1226(c) immigration detainee held for fifteen-months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631 (D.N.J. Aug. 7, 2018) (post-*Jennings* opinion granting a bond hearing to § 1226(c) immigration detainee held for nineteen-months); *see also Vega v. Doll*, No. 3:17-CV-01440, 2018 WL 3765431 (M.D. Pa. July 11, 2018) (post-*Jennings* opinion granting a bond hearing to § 1226(c) immigration detainee held for twenty-months). This Court will therefore grant Petitioner's habeas petition and order that an IJ provide Petitioner with a bond hearing within twenty-one (21) days of when this opinion and order are filed.[2]

17.    Petitioner also seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pursuant to that statute,

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

18.    As the Third Circuit has explained,

---

2 This Court is not authorized to order Petitioner's release as he requests in his petition. The Third Circuit Court of Appeals has repeatedly held that a bond hearing is the appropriate relief for immigration detainees challenging their prolonged detention. *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011*), see also Chaves-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015).

> [t]he Supreme Court has held that, as used in the EAJA,
> "substantially justified" does not mean "justified to a high degree"
> but instead means "justified in substance or in the main – that is,
> justified to a degree that could satisfy a reasonable person." *Pierce
> v. Underwood*, 487 U.S. 552, 565[] (1988). Put another way,
> substantially justified means having a "reasonable basis in both laws
> and fact." [*Id.*] Thus, "[a] court must not assume that the
> government's position was not substantially justified simply
> because the government lost on the merits." *Kiareldeen v.
> Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001).

*Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005).

19. In litigation arising out of removal proceedings, the government must be substantially justified in both the position taken by the agency prior to the litigation, and in the position it takes in litigation before the court to warrant the denial of a motion for fees on that basis. *Id.; see also Gjergj G. v. Edwards,* No. 19-5059, 2019 WL 3245104, at *2-3 (D.N.J. July 17, 2019).

20. Turning first to the Government's actions in relation to Petitioner's detention in Petitioner's underlying removal proceedings, this Court finds that the Government's actions were substantially justified. Petitioner has been held pursuant to 28 U.S.C. § 1226(c)'s mandatory detention provision under which the Government has little to no discretion and the immigration courts have no authority to grant bond absent a court order. Petitioner's immigration matter before an IJ was adjourned several times since the start of his detention on March 1, 2018. Between June 4, 2018, and July 15, 2019, Petitioner's matter was adjourned approximately ten times to allow him additional time to prepare. On August 15, 2019, Petitioner was provided a bond hearing, at which point he was denied bond. He received an order of removal from the IJ on September 27, 2019. He continues to await the BIA's decision adjudicating his appeal. Petitioner has only been detained an additional six months since the IJ's decision. The record reflects that a significant period of Petitioner's detention includes the time period where the IJ

granted Petitioner adjournments to await the outcome of his criminal appeal.

21.    Although this Court ultimately disagreed with the Government's argument that Petitioner failed to show that his continued detention had become so prolonged as to be arbitrary, the Government's argument to that effect was not unreasonable given Petitioner's prior history and the fact that Petitioner had already received a bond hearing under § 1226(c).

22.    Given the unsettled nature of the law as to § 1226(c) detention post-*Jennings*, and the lack of firm guidance from the Third Circuit on this issue beyond the *dicta* statements in *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018), to the effect that portions of *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), survived *Jennings*, this Court finds that the Government's position in this matter, although ultimately unsuccessful, did have a reasonable basis in law and the facts and was therefore substantially justified.   As such, Petitioner is not entitled to an award of fees under the EAJA.   *Johnson*, 416 F.3d at 210.   Petitioner's request is therefore denied.

An appropriate Order follows.

Dated: 4/2/2020

s/ John Michael Vazquez<br>
JOHN MICHAEL VAZQUEZ<br>
United States District Judge